FENNEMORE CRAIG, P.C.
John J. Balitis, Jr. (No. 011801)
Kevin M. Green (No. 025506)
2394 East Camelback
Suite 600
Phoenix, AZ 85016-3429
Telephone: (602) 916-5000
Email: jbalitis@fclaw.com
Email: kgreen@fclaw.com

Attorneys for Defendants

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Glenn Keller, an Arizona resident, | No. 4:16-cv-00583-LAB |
| Plaintiff, | **JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT AND RELEASE** |
| v. | |
| Farwest Pump Company, an Arizona company; Channa Vaught, an Arizona resident; Clark Vaught, an Arizona resident, | |
| Defendants. | |

Plaintiff, Glenn Keller, and Defendants, Farwest Pump Company, Channa Crews Vaught, and Clark Vaught, hereby jointly move the Court for approval of the parties' Settlement Agreement and Release for the compromise and dismissal of this matter. As grounds for this motion, the parties jointly state the following:

1.  Plaintiff filed this action alleging a violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, et seq. and a violation of A.R.S. § 23-350 *et seq*. Plaintiff seeks recovery of minimum wages allegedly due and owing to him. Defendants deny Plaintiff's allegations and dispute Plaintiff's entitlement to minimum wages in the amounts claimed as well as all of Plaintiff's claims.

2.  During the pendency of this litigation, the parties engaged in good faith

settlement discussions. As a result of those discussions, the parties have executed a Settlement Agreement and Release, pursuant to which the parties agreed to the dismissal of this action with prejudice (the "Agreement"). A copy of the Agreement is attached as Exhibit A.

3. A settlement agreement resolving an FLSA claim is subject to Court approval. *See Hand, et al. v. Dionex Corp.*, CV 06–1318–PHX–JAT, 2007 WL 3383601, *1 (D. Ariz. Nov. 13, 2007). The Court may approve the settlement if the settlement reflects a "reasonable compromise" over the issues. *Id.* Accordingly, the parties respectfully present the Agreement for the Court's approval.

4. As a result of the parties' Settlement, Plaintiff will receive payment of all wages allegedly owed to him, plus an equal amount for liquidated damages and payment of his attorneys' fees.

5. Both Plaintiff and Defendants, through their respective counsel, represent to the Court that the Agreement is fair, equitable, and in compliance with the policies of the FLSA.

6. All parties were represented by competent counsel with experience in litigating wage and hour claims under the FLSA and relevant Arizona law.

7. The parties genuinely dispute whether Plaintiff was entitled to the wages Plaintiff alleges were due to him.

8. The parties jointly request that the Court review the Agreement, review Exhibit A, and enter an Order approving the Agreement and dismissing this matter with prejudice. A form of Order is provided herewith.

DATED this 24th day of May, 2017.

FENNEMORE CRAIG, P.C.              ZOLDAN LAW GROUP, PLLC


By *s/ Kevin M. Green*                     By *s/ Jason Barrat (with permission)*
   John J. Balitis, Jr.                          Michael Zoldan
   Kevin M. Green                              Jason Barrat
   Attorneys for Defendants                Jessica Miller
                                          Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on May 24, 2017, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

    Michael Zoldan
    Jason Barrat
    Jessica Miller
    Zoldan Law Group, PLLC
    14500 N. Northsight Blvd., Suite 213
    Scottsdale, Arizona  85260
    Attorneys for Plaintiff


                                          *s/ Colleen Loos*

12792636

# EXHIBIT A

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "Agreement") is entered into knowingly and voluntarily by and between: (1) Farwest Pump Company (the "Company"), Channa Crews Vaught and Clark Vaught (collectively, "Defendants") on the one hand; and (2) Glenn Keller ("Plaintiff"), on the other hand. Defendants and Plaintiff may be collectively referred to as the "Parties."

## RECITALS

A.  Plaintiff is a former employee of the Company.

B.  On or about August 30, 2016 Plaintiff filed case a case styled as *Glenn Keller v. Farwest Pump Company*, bearing case number 4:16-cv-00583 in the United States District Court for the District of Arizona (the "Lawsuit"). In the Lawsuit, Plaintiff alleges that: (1) Defendants failed to pay Plaintiff the applicable minimum wage for hours worked in violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (the "FLSA"); and (2) Defendants failed to pay Plaintiff wages due in violation of Arizona's wage payment statutes, A.R.S. § 23-351 *et seq.* The Company denies the allegations raised in the Lawsuit.

C.  Defendants' position is that: (1) Plaintiff voluntarily separated from the Company in June 2016, taking with him Company property, thus entitling Farwest to an offset against its payment obligations; and (2) the Company issued to Plaintiff a final paycheck that exceeded Defendants' minimum wage obligations even with offsets for the Company property Plaintiff maintained.

D.  It is the intent of the Parties, through this Agreement, to resolve each and every dispute between them, including but not limited to those raised in the Lawsuit and those relating to the Parties' employment relationship and the termination of that relationship.

## AGREEMENT

In consideration for the promises and agreements set forth in this Agreement and other valuable consideration, the sufficiency of which is hereby acknowledged, the Parties agree as follows:

### I.  SETTLEMENT PAYMENT

The Company will pay Plaintiff and his counsel the gross total amount of $7,500.00 (the "Settlement Payment") within fifteen (15) business days after the latter of the Court approving this Agreement, or entering an Order of Dismissal with Prejudice of the Lawsuit, or this Agreement becoming effective and irrevocable as provided in Paragraph VIII.D below.

Payment of this gross total amount will be made and allocated as follows: (A) a check made payable to Zoldan Law Group in the amount of $3,598.00; and (B) a check made payable to Glenn Keller in the gross amount of $3,902.00. Any and all payments made to Plaintiff will be treated as wages by the Company for federal and/or state tax any other purposes and will, thus, be subject to withholdings at the rate contained in Plaintiff's last Form W-4 on file with the Company.

It is expressly understood and agreed by the Parties that the Settlement Payment required by this Agreement will not be paid until this Agreement has been approved by the Court and an Order of Dismissal with Prejudice has been entered by the Court.

## II.   COURT APPROVAL OF AGREEMENT/DISMISSAL OF THE LAWSUIT

The Parties shall jointly file all necessary documents to seek Court approval of this Agreement, and to dismiss the Lawsuit with prejudice, with the Parties each bearing their respective attorneys' fees and costs. Specifically, within five business days after the execution in full of this Agreement, the Parties shall cause their counsel to approve and submit for filing with the Court the Joint Motion to Approve Settlement Agreement and Release, attached as **Exhibit A**, and the Order, attached as **Exhibit B**.

## III.   REPRESENTATIONS AND WARRANTIES

Plaintiff understands and expressly acknowledges that:

- Plaintiff has the sole right and exclusive authority to execute this Agreement;
- Defendants are not obligated to pay and will not pay the Settlement Payment until fifteen (15) business days after the Court approves this Agreement or enters an Order of Dismissal with Prejudice of the Lawsuit, whichever is later;
- Plaintiff signs this Agreement knowingly and voluntarily, in order to induce payment of the Settlement Payment;
- Plaintiff has not sold, assigned, transferred, conveyed, or otherwise disposed of any of the claims, demands, obligations, or causes of action referred to in this Agreement;
- No other person or entity, except Plaintiff's counsel, has or has had an interest in the claims, demands, obligations, or causes of action referred to in this Agreement;

- The Settlement Payment and the other consideration that Plaintiff will receive in exchange for signing this Agreement is in addition to anything of value to which Plaintiff already is entitled;

- The Settlement Payment provided for in this Agreement is all that Plaintiff will ever receive from Defendants, or any Released Parties (defined below) for any and all claims, demands, obligations, or causes of action released in this Agreement;

- This Agreement and its terms shall not be construed as an admission of any liability whatsoever on the part of Defendants, or any Released Parties described in this Agreement, by which/whom any liability is and always has been expressly denied;

- As of the date of execution of this Agreement, Plaintiff has not filed any administrative charges or lawsuits against Defendants, except the Lawsuit.

- As of the date of execution of this Agreement, Plaintiff has no work-related illness or injury, is medically stationary with no impairment of earning capacity, and has not filed any workers' compensation claims relating to his employment with the Company.

## IV.   RELEASE

**A.**   Plaintiff, for himself, his marital community, if any, his agents, heirs, executors, administrators, and assigns, knowingly and voluntarily fully releases and discharges forever from any and all agreements, debts, claims, charges, demands, actions, judgments, causes of action, and liabilities of every kind or nature, known or unknown, that Plaintiff, individually or as a member of a class, ever had or now has against: Channa Crews Vaught; Clark Vaught; Farwest Pump Company, its parent, subsidiary, and affiliated entities; and all of their past and present directors, owners, officers, partners, members, managers, consultants, agents, shareholders, employees, attorneys, accountants, and insurers; and the predecessors, successors, and assigns of the above entities or individuals and the spouses of these individuals (collectively referred to as the "Released Parties").

**B.**   Without limiting the generality of Paragraph III.A., Plaintiff knowingly and voluntarily releases any and all claims arising under:

- The Civil Rights Acts of 1866, 1871, 1964 and 1991;
- The Arizona Civil Rights Act;
- The Employee Retirement Income Security Act of 1974;
- The Rehabilitation Act of 1973;

- The Occupational Safety and Health Act;
- The Patient Protection and Affordable Care Act;
- The Health Insurance Portability and Accountability Act;
- The Age Discrimination in Employment Act;
- The Older Workers Benefit Protection Act;
- The Americans with Disabilities Act;
- The National Labor Relations Act;
- The Family and Medical Leave Act;
- The Equal Pay Act;
- The Worker Adjustment and Retraining Notification Act;
- The Lilly Ledbetter Fair Pay Act;
- Arizona's Employment Protection Act;
- Arizona, Nevada and Colorado wage payment statutes;
- Arizona's Civil Rights statutes, including the Civil Rights Act, A.R.S. § 41-1401, et seq.;
- Any whistleblower statute;
- Any statute concerning the making or enforcing of contracts; and
- All similar provisions under all other federal, state, and local laws.

C. Without limiting the generality of Paragraphs III. A. and B., Plaintiff also voluntarily releases all equitable claims and all common law claims, including without limitation claims of or for:

- Breach of an express or an implied contract;
- Breach of the covenant of good faith and fair dealing;
- Unpaid wages, salary, commissions, incentive pay, fringe benefits, severance, vacation, bonuses or other benefits;
- Unjust enrichment;
- Negligent or intentional interference with contractual relations;
- Negligent or intentional interference with prospective economic relations;
- Estoppel;
- Fraud;
- Negligence;
- Negligent or intentional misrepresentation;
- Personal injury;

- Slander;
- Libel;
- Defamation;
- False light;
- Injurious falsehood;
- Invasion of privacy;
- Wrongful discharge;
- Failure to hire;
- Retaliatory discharge;
- Constructive discharge;
- Negligent or intentional infliction of emotional distress;
- Negligent hiring, supervision or retention;
- Loss of consortium;
- Punitive damages; and
- Any claims that may relate to drug and/or alcohol testing.

**D.** Plaintiff further acknowledges and agrees that the release contained in this Agreement is a general release, and that he further waives and assumes the risk of any and all claims which exist as of this date, including those of which he does not know or suspect to exist, whether through ignorance, oversight, error, negligence, or otherwise, and which, if known, would materially affect his decision to sign this Agreement.

**E.** Plaintiff acknowledges and agrees that the release contained in this Agreement waives any right Plaintiff has to recover damages or other individual relief in any charge or lawsuit brought by Plaintiff, as well as in any charge or lawsuit brought by any governmental agency charged with enforcing any law, whether federal, state or local (any "Governmental Agency"). For this purpose, "Governmental Agency" includes, but is not limited to, the federal Equal Employment Opportunity Commission ("EEOC"), the National Labor Relations Board ("NLRB"), the Occupational Safety and Health Administration ("OSHA"), all other federal agencies charged with enforcing any law, and all similar state and local agencies.

**F. Nothing in this Agreement is intended to nor shall the Agreement be interpreted to release or waive Plaintiff's rights to (i) file an administrative charge with any Governmental Agency (as defined in Paragraph III.E); or (ii) cooperate with or participate in any Governmental Agency charge, investigation, or lawsuit.**

G.  This Agreement shall not be interpreted to release or require the release of Defendants or the Released Parties from any claims or rights arising after the date this Agreement is signed.

## V. TAXABILITY

Defendants, their counsel, and their accountants have not made any representation(s) regarding the taxability of the monetary payments to be made by the Defendants pursuant to this Agreement. Plaintiff represents that he has had an opportunity to receive independent legal and tax advice regarding the taxability of any sums payable under this Agreement and has not relied upon any representation(s) of Defendants, their counsel, or their accountants on that subject. Plaintiff understands and expressly agrees that in the event any income or other taxes, including any interest and/or penalties, are determined to be owed by him as a result of the above-referenced payments or as a result of any violation by him of any reporting obligations arising from or attributable to said amounts, Plaintiff is solely responsible for the payment of such amounts.

## VI. REPRESENTATION OF UNDERSTANDING OF AGREEMENT

Plaintiff acknowledges that he has had the opportunity to consult an attorney of his own choosing before entering into this Agreement. Plaintiff represents and warrants that he has read all of the terms of this Agreement, and that he fully understands and voluntarily accepts these terms. Plaintiff further acknowledges and agrees that he has been given a reasonable period of time within which to consider this Agreement.

## VII. FEDERAL AGE DISCRIMINATION CLAIMS

Plaintiff understands and agrees that a waiver of claims under the Age Discrimination in Employment Act, as amended (29 U.S.C. § 621, *et seq.*) (the "ADEA") is not effective unless it is "knowing and voluntary," and that the ADEA imposes certain minimum requirements for a waiver to be knowing and voluntary. Plaintiff acknowledges and agrees that, Plaintiff is knowingly and voluntarily giving up any rights or claims for relief Plaintiff may have under the ADEA regarding Defendants' conduct and the conduct of any Released Parties, except that Plaintiff is not giving up the right to challenge the validity of this Agreement under the ADEA and any rights set forth in Paragraph III F. Plaintiff further acknowledges and agrees that he has been advised in writing by this Agreement to consult with an attorney prior to executing the Agreement.

## VIII. TIME TO CONSIDER AND CANCEL AGREEMENT; EFFECTIVE DATE

A.   Plaintiff has twenty-one (21) days from the receipt of this Agreement to decide whether to sign it and is advised to consult with an attorney before doing so. Plaintiff understands that he may use as much of this twenty-one (21) day period as he wishes prior to signing. Plaintiff is not to sign this Agreement unless Plaintiff understands its provisions and is doing so voluntarily.

B.   This Agreement shall be signed no earlier than the calendar day following Plaintiff's receipt of this Agreement, but no later than twenty-one (21) calendar days following Plaintiff's receipt. Further, this Agreement must be delivered to and actually received by Defendants's counsel at the following address no later than seven (7) calendar days after Plaintiff signs it:

> Fennemore Craig, P.C.
> c/o Kevin Green
> 2394 E. Camelback Road, Suite 600
> Phoenix, Arizona 85016-3429

C.   After Plaintiff has signed this Agreement, Plaintiff has seven (7) days to change his mind and notify Defendants' counsel in writing that Plaintiff has revoked this Agreement. If Plaintiff so revokes this Agreement, this Agreement will be null and void, and will have no force or effect. Written notice of a revocation of this Agreement must actually be received by Defendants' counsel at the following address, within the time frame described above in order to be effective:

> Fennemore Craig, P.C.
> c/o Kevin Green
> 2394 E. Camelback Road, Suite 600
> Phoenix, Arizona 85016-3429

D.   If Defendant (1) signs and delivers this Agreement within the time frames and in accordance with the provisions of Paragraph VIII.B and (2) does not revoke the Agreement within the time frame and in accordance with the provisions of Paragraph VIII.C, this Agreement shall become effective on the eighth (8th) day after Plaintiff signed it (the "Effective Date").

E.   Plaintiff understands that if he revokes this Agreement, it shall not be effective or enforceable and Plaintiff will not receive any Settlement Payment.

## IX.   ATTORNEYS' FEES AND COSTS

This Paragraph IX shall not apply to any litigation arising out of a challenge to the validity of this Agreement under the ADEA, or any litigation in which the validity of this Agreement under the ADEA is an issue. In the event of litigation arising out of any alleged breach of this Agreement, the prevailing party shall be entitled to an award of reasonable attorneys' fees and costs.

## X. NO RE-EMPLOYMENT

Plaintiff acknowledges and agrees that he will not apply for employment with or accept employment in any capacity at any location of the Company

## XI. WAIVER

No waiver of any of the terms of this Agreement shall constitute a waiver of any other terms, whether or not similar, nor shall any waiver be a continuing waiver. No waiver shall be binding unless executed in writing by the party making the waiver. Defendants or Plaintiff may waive any provision of this Agreement intended for its/their/his benefit, but such waiver shall in no way excuse the other from the performance of any of its/their/his other obligations under this Agreement.

## XII. CHOICE OF LAW

The Parties agree that this Agreement shall be interpreted and construed in accordance with the laws of the State of Arizona, insofar as federal law does not control.

## XIII. ENTIRE AGREEMENT

This Agreement contains the sole and entire understanding between the Parties and supersedes all prior and contemporaneous agreements and understandings, oral or written, relating to the subject matter of this Agreement. The Parties expressly acknowledge and agree that the other party did not make, directly or indirectly, any representations whatsoever, express or implied, other than those contained in this Agreement.

## XIV. SUBSEQUENT MODIFICATIONS

The terms of this Agreement may be altered or amended, in whole or in part, only upon the written consent of all Parties to this Agreement. No oral agreement may modify any term of this Agreement.

## XV. CONSTRUCTION

This Agreement is intended to express the mutual intent of the Parties, and irrespective of the identity of the party or counsel or representative who prepared this document, no rule of strict construction shall be applied against any party.

## XVI. SEVERABILITY

In the event that any provision(s) of this Agreement is found to be unenforceable for any reason whatsoever, the unenforceable provision shall be considered to be severable, and the remainder of this Agreement shall continue in full force and effect.

## XVII. BINDING EFFECT

This Agreement shall be binding upon and operate to the benefit of Plaintiff, Defendants, the Released Parties, and their successors and assigns.

## XVII. EXECUTION

This Agreement may be executed in counterparts with the same force and effect as if all signatures appeared on one document.

| Dated: May 22, 2017 | Farwest Pump Company<br><br>By: _[signature]_<br>Channa Crews Vaught<br><br>Its: _President, Farwest Pump Company_<br>President |
|---|---|
| Dated: May 22, 2017 | _[signature]_<br>Channa Crews Vaught |
| Dated: May 22, 2017 | _[signature]_<br>Clark Vaught |
| Dated: May ___, 2017 | <br>Glenn Keller |

12792058

In the event that any provision(s) of this Agreement is found to be unenforceable for any reason whatsoever, the unenforceable provision shall be considered to be severable, and the remainder of this Agreement shall continue in full force and effect.

## XVII. BINDING EFFECT

This Agreement shall be binding upon and operate to the benefit of Plaintiff, Defendants, the Released Parties, and their successors and assigns.

## XVII. EXECUTION

This Agreement may be executed in counterparts with the same force and effect as if all signatures appeared on one document.

| Dated: April __, 2017 | Farwest Pump Company<br><br>By:_____<br>  Channa Crews Vaught<br><br>Its:_____<br>  President |
|---|---|
| Dated: April __, 2017 | _____<br>Channa Crews Vaught |
| Dated: April __, 2017 | _____<br>Clark Vaught |
| Dated: April 30, 2017 | _____<br>Glenn Keller |

12792058

# EXHIBIT A

FENNEMORE CRAIG, P.C.
John J. Balitis, Jr. (No. 011801)
Kevin M. Green (No. 025506)
2394 East Camelback
Suite 600
Phoenix, AZ  85016-3429
Telephone:  (602) 916-5000
Email: jbalitis@fclaw.com
Email: kgreen@fclaw.com

Attorneys for Defendants

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Glenn Keller, an Arizona resident, | No. 4:16-cv-00583-LAB |
| Plaintiff, | **JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT AND RELEASE** |
| v. | |
| Farwest Pump Company, an Arizona company; Channa Vaught, an Arizona resident; Clark Vaught, an Arizona resident, | |
| Defendants. | |

Plaintiff, Glenn Keller, and Defendants, Farwest Pump Company, Channa Crews Vaught, and Clark Vaught, hereby jointly move the Court for approval of the parties' Settlement Agreement and Release for the compromise and dismissal of this matter. As grounds for this motion, the parties jointly state the following:

1. Plaintiff filed this action alleging a violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, et seq. and a violation of A.R.S. § 23-350 *et seq*. Plaintiff seeks recovery of minimum wages allegedly due and owing to him. Defendants deny Plaintiff's allegations and dispute Plaintiff's entitlement to minimum wages in the amounts claimed as well as the all of Plaintiff's claims.

2. During the pendency of this litigation, the parties engaged in good faith

settlement discussions. As a result of those discussions, the parties have executed a Settlement Agreement and Release, pursuant to which the parties agreed to the dismissal of this action with prejudice (the "Agreement"). A copy of the Agreement is attached as Exhibit A.

3. A settlement agreement resolving an FLSA claim is subject to Court approval. *See Hand, et al. v. Dionex Corp.*, CV 06–1318–PHX–JAT, 2007 WL 3383601, *1 (D. Ariz. Nov. 13, 2007). The Court may approve the settlement if the settlement reflects a "reasonable compromise" over the issues. *Id.* Accordingly, the parties respectfully present the Agreement for the Court's approval.

4. As a result of the parties' Settlement, Plaintiff will receive payment of all wages allegedly owed to him, plus an equal amount for liquidated damages and payment of his attorneys' fees.

5. Both Plaintiff and Defendants, through their respective counsel, represent to the Court that the Agreement is fair, equitable, and in compliance with the policies of the FLSA.

6. All parties were represented by competent counsel with experience in litigating wage and hour claims under the FLSA and relevant Arizona law.

7. The parties genuinely dispute whether Plaintiff was entitled to the wages Plaintiff alleges were due to him.

8. The parties jointly request that the Court review the Agreement, review Exhibit A, and enter an Order approving the Agreement and dismissing this matter with prejudice. A form of Order is provided herewith.

DATED this 24th day of May, 2017.

| | |
|---|---|
| FENNEMORE CRAIG, P.C. | ZOLDAN LAW GROUP, PLLC |
| By *s/ Kevin M. Green*<br>   John J. Balitis, Jr.<br>   Kevin M. Green<br>   Attorneys for Defendants | By *s/ Jason Barrat (with permission)*<br>   Michael Zoldan<br>   Jason Barrat<br>   Jessica Miller<br>   Attorneys for Plaintiff |

## CERTIFICATE OF SERVICE

I hereby certify that on May 24, 2017, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

> Michael Zoldan
> Jason Barrat
> Jessica Miller
> Zoldan Law Group, PLLC
> 14500 N. Northsight Blvd., Suite 213
> Scottsdale, Arizona 85260
> Attorneys for Plaintiff

*s/ Colleen Loos*

12792636

# EXHIBIT B

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| Glenn Keller, an Arizona resident,<br><br>Plaintiff,<br><br>v.<br><br>Farwest Pump Company, an Arizona company; Channa Vaught, an Arizona resident; Clark Vaught, an Arizona resident,<br><br>Defendants. | No. 4:16-cv-00583-LAB<br><br>**ORDER** |

Upon considering the parties' Joint Motion to Approve Settlement Agreement and Release and for good cause and compelling reasons appearing,

IT IS HEREBY ORDERED that the Parties' Settlement Agreement and Release (the "Agreement") for the compromise and dismissal of this matter is hereby approved.

IT IS FURTHER ORDERED that this matter is hereby dismissed with prejudice, with each party bearing its own attorneys' fees and costs.